16849

STATE v. VAUGHN *ET AL.*

(81 S. E. (2d) 62)

*Messrs. Justin A. Bridges,* of Laurens, and *Frank E. Harrison,* of McCormick, *for Appellants,*

*Messrs. J. Fred Buzhardt, Jr.,* of McCormick, and *Herbert E. Long, Solicitor, for Respondent,*

March 24, 1954.

BAKER, Chief Justice.

This is an appeal from an order of the Circuit Court affirming a conviction of the appellants in a Magistrate's Court under Section 5, subdivision (b) of Act No. 289, Acts of 1953, 48 St. at Large, p. 366, approved the 26th day of May, 1953, and effective as of July 1, 1953. Said subsection (b) of Section 5 reads as follows:

"Traps, seines and nets prohibited. Baskets and trotlines may be used for catching non-game fish, provided a non-game fish tag is secured from the game warden or agent of the Division of Game at a cost of twenty-five cents for each basket or trotline. These tags must be securely attached to baskets or trotlines while they are in use."

There is no dispute in so far as the facts of this case are concerned. These appellants were fishing with baskets, to each of which a non-game fish tag was securely attached, which fish tag for these baskets had been lawfully procured, not by the appellants but by the man for whom they were then employed, who was the owner of the baskets and non-game fish tags. But this latter fact is immaterial because the baskets which they were using had securely attached thereto the fish tag provided for in the statute. The license here provided for is on the basket and not on the fisherman, just as every automobile is required to carry a license and the owner of the automobile can let anyone drive his automobile, especially his employees in his business.

In the light of the above, the order affirming the judgment of conviction and sentence imposed on the appellants in the Magistrate's Court is set aside and reversed.

STUKES, TAYLOR and OXNER, JJ., and MARTIN, Acting Associate Justice, concur.